4. SALES, § 244*—*when. affidavit setting up warranty properly stricken.* In an action on a written contract which contains no warranty, a motion to strike an amended affidavit of merits, the only issue presented by which is as to whether or not plaintiff had entered into a warranty, is properly allowed.

5. DAMAGES, § 227*—*when motion for assessment by jury made too late.* A motion, in an action on a contract, to have the damages assessed by the jury is too late when not made until after the court had assessed plaintiff's damages and entered judgment.

6. COSTS, § 67*—*when damages allowed for vexatious appeal.* Evidence examined and *held* to show that an appeal was prosecuted merely for delay, and ten per cent. damages allowed.

---

## Carl Christensen, Appellee, v. R. W. Bartelmann Company, Appellant.

### Gen. No. 21,943.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. C. H. BOWLES, Judge, presiding. Heard in this court at the October term, 1914. Appeal dismissed. Opinion filed October 25, 1915.

### Statement of the Case.

Motion to dismiss an appeal by defendant from the judgment of the Circuit Court in a proceeding by Carl Christensen, plaintiff, against R. W. Bartelmann Company, defendant, in a proceeding under the Illinois Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), for lack of jurisdiction.

J. A. BLOOMINGSTON, for appellant.

J. J. SONSTEBY, for appellee.

PER CURIAM.

### Abstract of the Decision.

APPEAL AND ERROR, § 25*—*when Appellate Court without jurisdiction of appeal from Circuit Court in action under Compensation Act.* The Appellate Court has not jurisdiction of an appeal from a judg-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of the Circuit Court rendered in an action under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*). Following *Lavin v. Wells Bros. Co.*, No. 20,799, 195 Ill. App. ??.

# Frank Nelson, Defendant in Error, v. Albert Miller and E. Percy Miller, trading as Albert Miller & Company, Plaintiffs in Error.

## Gen. No. 20,062.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 1, 1915.

## Statement of the Case.

Action by Frank Nelson, plaintiff, against Albert Miller and E. Percy Miller, copartners, trading as Albert Miller & Company, defendants, to recover the purchase price of three cars of hay sold by plaintiff to defendants. The defenses set up were that the quality was not as represented and unreasonable delay in making the shipment. Defendants also claimed as a set-off damages by reason of delay in the shipment.

Plaintiff introduced evidence, which was uncontradicted, showing that a representative of defendants, who were engaged in business in Chicago, spent "a couple of hours" on top of the hay examining it at plaintiff's ranch near Potomac, Montana, examined it all and then told plaintiff he would purchase it. Plaintiff also showed that he was under no obligation as to delivery beyond loading the hay at Potomac. Defendants placed no witnesses on the stand and asked no questions of any of them.

The jury, under instructions of the court, returned a verdict for plaintiff in the amount of $259.77, and against defendants' set-off. To reverse the judgment entered thereon, defendants prosecute this writ of error.